

FILED
CLERK, U.S. DISTRICT COURT

JUN 1 3 2011

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

1  Maria C. Rodriguez (SBN: 194201)
   mcrodriguez@winston.com
2  Monique Ngo-Bonnici (SBN: 241315)
   mbonnici@winston.com
3  WINSTON & STRAWN LLP
   333 S. Grand Avenue
4  Los Angeles, CA 90071-1543
   Telephone: (213) 615-1700
5  Facsimile:  (213) 615-1750

6  Attorneys for Defendant
   ADDUS HEALTHCARE, INC.

7

8

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11

EDCV11-0929 VAP (DTBx)

12  ELOISA JOHNSON,                    USDC CASE NO.:

13            Plaintiff,               *(Riverside County Superior Court Case
                                        No.: RIC 1108303)*
14      v.

15  ADDUS HEALTHCARE, INC., an        **DEFENDANTS' NOTICE OF
    Illinois Corporation; and DOES 1 TO 50,  REMOVAL OF CIVIL ACTION TO
16  inclusive,                         FEDERAL COURT**

17            Defendants.

18

19

20      TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL

21  DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER COUNSEL OF

22  RECORD:

23      PLEASE TAKE NOTICE that Defendant Addus Healthcare, Inc. ("Defendant")

24  hereby files this notice of removal pursuant to 28 U.S.C. §§ 1331, 1332 and 1441(a).

25  Defendant's removal of this matter is based on the grounds set forth below.

26

27

28

1

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

## I.  INTRODUCTION

This case is hereby removed from state court to federal court because at the time the Complaint was filed and at this time, Plaintiff asserts claims under Title VII, 42 U.S.C. § 2000e *et seq.* and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a (prohibiting discrimination on the basis of race, color, religion, sex or national origin).  These claims arise out of, and are therefore preempted under, Federal Law.

Furthermore, there is complete diversity of citizenship between the parties to this action and, therefore, this Court has original jurisdiction under 28 U.S.C. § 1332(a)(2).  The alleged amount in controversy exceeds $75,000, with respect to Plaintiff's potential awards.

## II. THE STATE COURT ACTION

On May 11, 2011, an action was commenced in the Superior Court of California in and for the County of Orange entitled *Eloisa Johnson v. Addus Healthcare, Inc.; and Does 1-50*, as Case No. RIC 1108303 ("Complaint").  The Complaint alleges fifteen causes of action against Defendant, which is Plaintiff's former employer.  The causes of action are:  1) wrongful termination (under the FEHA); 2) wrongful termination (under CA Labor Code § 1102.5); 3) Gender Discrimination (under the FEHA); 4) harassment (under Title VII); 5) Retaliation (Under CA Labor Code § 1102.5); 6) Retaliation (under the FEHA); 7) failure to take reasonable steps necessary to prevent discrimination and harassment; 8) intentional infliction of emotional distress; 9) negligent infliction of emotional distress; 10) claims for unpaid wages; 11) overtime claim for relief; 12) minimum wage claim for relief; 13) statutory wage claim for relief; 14) late payment claim for relief; and 15) violation of Business & Professions Code §17200.  A true and correct copy of the Complaint is attached hereto as Exhibit "A."

Plaintiff personally served the Summons and Complaint on Defendant on May 13, 2011.

2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

## III.   JOINDER

Defendant is not aware of any other defendant having been served with a copy of Plaintiff's Complaint.

## IV.   FEDERAL QUESTION JURISDICTION

This is an action in which the District Courts of the United States have been given original jurisdiction in that it arises under the laws of the United States, as provided in 28 U.S.C. § 1331 and specifically under Title VII, 42 U.S.C. § 2000e *et seq.*, and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, which both regulate employer actions and specifically prohibit discrimination.

Here, Plaintiff alleges discrimination, retaliation and wrongful termination in violation of public policy under these Federal statutes.  Consequently, these claims should be adjudicated in federal court.

## V. DIVERSITY JURISDICTION

The state court action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332 based on diversity jurisdiction.  The state court action is properly removable to this Court in that it is a civil action between citizens of different states in which the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, as explained below.

### A. The Parties' Citizenship

There is complete diversity of citizenship because the operative parties, Plaintiff and Defendant, are citizens of different states.

Plaintiff is a citizen and resident of the State of California (Complaint ¶ 7). Defendant is now, and ever since this action commenced has been, incorporated under the laws of the State of Illinois, with its principal place of business in the State of Illinois.  (Declaration of Paul Diamond ("Diamond Decl.") ¶3).  Accordingly, pursuant to 28 U.S.C. § 1332(c) defendant is a citizen of Illinois, not California.

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT
LA:295215.2

## B. The Amount in Controversy

The amount in controversy between the parties exceeds the minimum sum of $75,000 set forth in 28 U.S.C. § 1332(a), exclusive of interest and costs.

Plaintiff Eloisa Johnson worked for the Defendant in Riverside, California, in the position of Account Executive. (Diamond Decl. ¶5). Ms. Johnson worked for the Defendant from March 2, 2010 to October 13, 2010. (*Id.*) Plaintiff was an exempt, salaried employee who earned an annual salary and bonus of approximately $48,000. (*Id.*) Based on company payroll records, Plaintiff was paid her base pay twice a month in the amount of approximately $1,850. (*Id.* at ¶6, Ex. A.)

Plaintiff seeks compensatory damages, statutory damages, general damages, specific damages, and punitive damages as a result of Defendant's alleged retaliation. Damages of this type are usually based on the plaintiff's annual salary. Accordingly, Plaintiff Eloisa Johnson's claim for back pay, to date, if liability were established, amounts to approximately $48,000.

If Plaintiff is awarded front pay (pay going forward from the time she was terminated) it could reasonably be assessed years into the future by a trier of fact, but assuming a trial would be held within two years (a conservative award), that front pay award would amount to approximately $96,000 (annual salary times two years).

Therefore, basic front and back pay added together would total $144,000—well over the $75,000 amount in controversy required.

On a single claim, emotional distress damages and punitive damages alone could exceed the amount in controversy, if liability is established. While it is difficult to estimate emotional distress damages at the outset of a case, it is reasonable, and in fact conservative, to estimate that Plaintiff could very well be awarded the equivalent of one-year's salary in emotional distress. Adding this conservative figure to the front and back pay calculated above would amount to approximately $192,000.

In California, punitive damages in discrimination and harassment cases can reach up to ten times the underlying award. *See Equal Employment Opportunity*

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

LA:295215.2

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

1   *Commission v. Farmer Brothers Company*, 31 F.3d 891, 904 (9th Cir. 1994)

2   (affirming district court's punitive damages award amounting to ten times the back

3   pay award, in a gender discrimination case).  Assessing punitive damages

4   conservatively, if liability was found, and applying a five-times multiplier to the

5   underlying damages described above, punitive damages in this case would amount to

6   approximately $240,000.

7        Plaintiff also seeks to recover attorneys' fees. (Complaint Prayer ¶ 6).

8   Attorneys' fees are properly considered when determining the amount in controversy

9   for the purpose of removal. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1115, 1155-56

10   (9th Cir. 1998).  Attorneys' fees in retaliation cases regularly exceed $75,000.

11        In sum, the amount in controversy in this case is well in excess of the required

12   $75,000 for removal and diversity exists between the parties.

### VI.    COMPLIANCE WITH STATUTORY REQUIREMENTS

14        Pursuant to 28 U.S.C. § 1446(a), Defendant attaches as Exhibit "A" the

15   Complaint.  This is the only process, pleading, or order in the State Court's file that

16   have been served on Defendant up to the date of filing this Notice of Removal.

17        In accordance with 28 U.S.C. § 1446(b), this Notice is timely filed with this

18   Court.  Pursuant to 28 U.S.C. § 1446(b), "a notice of removal may be filed within

19   thirty days after receipt by the defendant, through service or otherwise." 28 U.S.C. §

20   1446(b).  Defendant was served with Plaintiff's Complaint on May 13, 2011.

21   Accordingly, this Notice is timely.

22        As required in 28 U.S.C. § 1446(d), Defendant will provide written notice of

23   the filing of this Notice of Removal to the Loveless Law Firm, LLP, counsel of record

24   for Plaintiff, and will promptly file a copy of this Notice of Removal with the Clerk

25   for the Superior Court of the State of California in and for the County of Riverside.

26   ///

27   ///

28   ///

*Winston & Strawn LLP*
*333 S. Grand Avenue*
*Los Angeles, CA 90071-1543*

5

LA:295215.2

1  Dated:  June 13, 2011

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WINSTON & STRAWN LLP


By: _____
    MONIQUE NGO-BONNICI
    Attorneys for Defendant
    ADDUS HEALTHCARE, INC.

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

6

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

LA:295215.2

# EXHIBIT A

COPY

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

ADDUS HEALTHCARE, INC., an Illinois Corporation;

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ELOISA JOHNSON, an individual,



FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

MAY 11 2011

R. Mc Elyea

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Riverside Superior Court
4050 Main Street, Riverside, Ca. 92501

CASE NUMBER:
*(Número del caso):* RIC

**1 1 0 8 3 0 3**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
CSC, Agent for Addus Healthcare, Inc., 2730 Gateway Oaks Dr., Ste. 100, Sacramento, CA 95833

| DATE: *(Fecha)* | MAY 1 1 2011 | Clerk, by *(Secretario)* | R. Mc Elyea | , Deputy *(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* Addus Healthcare, Inc. *an Illinois corporation*

   under: ☑ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

**COPY** CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(ne, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Andrea S. Loveless, Esq. (SBN. 231735)<br>LOVELESS LAW FIRM, LLP<br>1 Spectrum Pointe, Suite 300<br>Lake Forest, CA 92630<br>TELEPHONE NO: (949) 679-4690   FAX NO. *(Optional)*: (949) 679-4696<br>ATTORNEY FOR *(Name)*: Plaintiff, Eloisa Johnson | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
STREET ADDRESS: 4050 Main Street
MAILING ADDRESS
CITY AND ZIP CODE: Riverside, CA 92501
BRANCH NAME: Central

CASE NAME:
JOHNSON v. ADDUS HEALTHCARE, INC.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | *Ric* 1108303<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[✓] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is   [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [✓] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action *(specify)*: Fifteen
5. This case [ ] is   [✓] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May ___, 2011

Peter Y. Chang, Esq.
_____                                    ▶ _____
(TYPE OR PRINT NAME)                                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

From:    05/11/2011 10:53 #064 P.002/002

## SUPERIOR COURT, COUNTY OF RIVERSIDE, STATE OF CALIFORNIA

| | | | |
|---|---|---|---|
| ☐ BANNING 135 N. Alessandro Road, Banning, CA 92220 | | ☐ MURRIETA 30755-D Auld Road, Murrieta, CA 92563 |
| ☐ BLYTHE 265 North Broadway, Blythe, CA 92225 | | ☒ RIVERSIDE 4050 Main St., Riverside, CA 92501 |
| ☐ HEMET 880 N. State St., Hemet, CA 92543 | | ☐ RIVERSIDE 4175 Main St., Riverside, CA 92501 |
| ☐ INDIO 46-200 Oasis St., Indio, CA 92201 | | ☐ TEMECULA 41002 County Center Dr., #100, Temecula, CA 92591 |
| ☐ MORENO VALLEY 13800 Heacock St. #D201, Moreno Valley, CA 92553 | | |

Name and Address          Andrea S. Loveless

LOVELESS LAW FIRM, LLP
1 Spectrum Pointe, Suite #300
Lake Forest, CA 92630
11108303

Attorney for Plaintiff
or Party without Attorney

**F I L E D**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

**MAY 11 2011**

R. Mc Elyea

ELOISA JOHNSON, an individual,

**BY FAX**

                                    Plaintiff(s)

VS.

                                    CASE NO.   RIC1108303

ADDUS HEALTHCARE, INC., an Illinois
Corporation; and DOES 1-50, inclusive

**CERTIFICATE OF COUNSEL**

                                    Defendant(s)

The undersigned certifies that this matter should be tried or heard in the

Riverside Court for the following reason:

☐   The action arose in this judicial district.

☐   The action concerns real property located in this judicial district.

☒   The defendant resides in this judicial district.

                                    Andrea S. Loveless, Esq.

Dated: May 10, 2011          Signed by: _____

                                    ATTORNEY FOR PLAINTIFF(S)
                                    OR PARTY WITHOUT ATTORNEY

(Rev. 7-1-03)                    **CERTIFICATE OF COUNSEL**                    RI-030

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
4050 Main Street
Riverside, CA  92501
www.riverside.courts.ca.gov

NOTICE OF ASSIGNMENT TO DEPARTMENT FOR CASE MANAGEMENT PURPOSES
AND CASE MANAGEMENT CONFERENCE (CRC 3.722)

JOHNSON VS. ADDUS HEALTHCARE INC

CASE NO. RIC 1108303

This case is assigned to the Honorable Judge Jacqueline C. Jackson
in Department 07 for case management purposes.
The Case Management Conference is scheduled for 11/08/11
at  8:30 in Department 07.

(Bad Mnemonic)
Case Management Conference Hearing

The plaintiff/cross-complainant shall serve a copy of this notice on
all defendants/cross-defendants who are named or added to the
complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6(2) shall be
filed in accordance with that section.

CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of
California, County of Riverside, and that I am not a party to this
action or proceeding. In my capacity, I am familiar with the practices
and procedures used in connection with the mailing of correspondence.
Such correspondence is deposited in the outgoing mail of the Superior
Court. Outgoing mail is delivered to and mailed by the United States
Postal Service, postage prepaid, the same day in the ordinary course
of business. I certify that I served a copy of the foregoing
notice on this date, by depositing said copy as stated above.

Dated: 05/11/11                Court Executive Officer/Clerk

                                    R. Mc Elyea
                         By: _____
                               RICQUEL L MCELYEA, Deputy Clerk


ac:cmc;cmcb;cmch;cmct;cmcc
cmccb;cmcch;cmcct

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF RIVERSIDE

### Alternative Dispute Resolution
http://riverside.courts.ca.gov/adr/adr.htm

**Serving the Alternative Dispute Resolution (ADR) Information Package**

Pursuant to California Rule of Court 3.221(c), in all general civil cases the plaintiff must serve a copy of the Alternative Dispute Resolution (ADR) information package on each defendant together with the complaint.

Cross-complainants must serve a copy of the Alternative Dispute Resolution (ADR) information package on any new parties to the action together with the cross-complaint.

To obtain a copy of the Court's Alternative Dispute Resolution information package, access the Court's website and type the following link http://riverside.courts.ca.gov/adr/adrciv.pdf or go to the Fees & Forms link and click on the ADR Information Package.

Copies of the Court's Alternative Dispute Resolution information package are also available at the Clerk's Office.

07/14/09



SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
www.riverside.courts.ca.gov

Self-represented parties:  http://riverside.courts.ca.gov/selfhelp/selfhelp.htm

**ALTERNATIVE DISPUTE RESOLUTION (ADR)**
***INFORMATION PACKAGE***
(California Rules of Court, Rule 3.221; Local Rule, Title 4)

**\*\*\* THE PLAINTIFF MUST SERVE THIS INFORMATION PACKAGE
ON EACH PARTY WITH THE COMPLAINT. \*\*\***

**What is ADR?**
Alternative Dispute Resolution (ADR) is a way of solving legal disputes without going to trial. The main types are mediation, arbitration and settlement conferences.

**Advantages of ADR:**
- Faster:  ADR can be done in a 1-day session within months after filing the complaint.
- Less expensive:  Parties can save court costs and attorneys' and witness fees.
- More control:  Parties choose their ADR process and provider.
- Less stressful:  ADR is done informally in private offices, not public courtrooms.

**Disadvantages of ADR:**
- No public trial:  Parties do not get a decision by a judge or jury.
- Costs:  Parties may have to pay for both ADR and litigation.

**Main Types of ADR:**

Mediation:  In mediation, the mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to create a settlement agreement that is acceptable to everyone.  If the parties do not wish to settle the case, they go to trial.

Mediation may be appropriate when the parties:
- want to work out a solution but need help from a neutral person; or
- have communication problems or strong emotions that interfere with resolution; or
- have a continuing business or personal relationship.

Mediation is not appropriate when the parties:
- want their public "day in court" or a judicial determination on points of law or fact;
- lack equal bargaining power or have a history of physical/emotional abuse.

Arbitration:  Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome.  In "binding" arbitration the arbitrator's decision is final; there is no right to trial.  In "non-binding" arbitration, any party can request a trial after the arbitrator's decision.  The court's mandatory Judicial Arbitration program is non-binding.

RI-ADR1A
Rev. 1/10

Arbitration may be appropriate when the parties:
- want to avoid trial, but still want a neutral person to decide the outcome of the case.

Arbitration is not appropriate when the parties:
- do not want to risk going through both arbitration and trial (Judicial Arbitration)
- do not want to give up their right to trial (binding arbitration)

**Settlement Conferences:**   Settlement conferences are similar to mediation, but the settlement officer usually tries to negotiate an agreement by giving strong opinions about the strengths and weaknesses of the case, its monetary value, and the probable outcome at trial. Settlement conferences often involve attorneys more than the parties and often take place close to the trial date.

## RIVERSIDE COUNTY SUPERIOR COURT ADR REQUIREMENTS

ADR information and forms are posted on the ADR website: http://riverside.courts.ca.gov/adr/adr.htm

### General Policy:

Parties in most general civil cases are expected to participate in an ADR process before requesting a trial date and to participate in a settlement conference before trial. (Local Rule 4.0000)

### Court-Ordered ADR:

Certain cases valued at under $50,000 may be ordered to judicial arbitration or mediation. This order is usually made at the Case Management Conference. See the "Court-Ordered Mediation Information Sheet" on the ADR website for more information.

### Private ADR (for cases not ordered to arbitration or mediation):

Parties schedule and pay for their ADR process without Court involvement. Parties may schedule private ADR at any time; there is no need to wait until the Case Management Conference. See the "Private Mediation Information Sheet" on the ADR website for more information.

## BEFORE THE CASE MANAGEMENT CONFERENCE (CMC), ALL PARTIES MUST:

1. Discuss ADR with all parties at least 30 days before the CMC. Discuss:
   - Your preferences for mediation or arbitration.
   - Your schedule for discovery (getting the information you need) to make good decisions about settling the case at mediation or presenting your case at an arbitration.
2. File the attached "Stipulation for ADR" along with the Case Management Statement, if all parties can agree.
3. Be prepared to tell the judge your preference for mediation or arbitration and the date when you could complete it.

(Local Rule 4.0018)

## RIVERSIDE COUNTY ADR PROVIDERS INCLUDE:

- The Court's Civil Mediation Panel (available for both Court-Ordered Mediation and Private Mediation). See http://adr.riverside.courts.ca.gov/civil/panelist.php or ask for the list in the civil clerk's office, attorney window.
- Riverside County ADR providers funded by DRPA (Dispute Resolution Program Act): Dispute Resolution Service (DRS) Riverside County Bar Association: (951) 682-1015 Dispute Resolution Center, Community Action Partnership (CAP): (951) 955-4900

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | COURT USE ONLY |
|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional): | |
| E-MAIL ADDRESS (Optional): | |
| ATTORNEY FOR (Name): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE**

☐ Banning - 135 N. Alessandro Road, Banning, CA 92220
☐ Hemet - 880 N. State Street, Hemet, CA 92543
☐ Indio - 46-200 Oasis Street, Indio, CA 92201
☐ Riverside - 4050 Main Street, Riverside, CA 92501
☐ Temecula - 41002 County Center Drive, Bldg. C - Suite 100, Temecula, CA 92591

| PLAINTIFF(S): | CASE NUMBER: |
|---|---|
| DEFENDANT(S): | |
| **STIPULATION FOR ALTERNATIVE DISPUTE RESOLUTION (ADR)** <br> **(CRC 3.221; Local Rule, Title 4)** | CASE MANAGEMENT CONFERENCE DATE(S): |

**Court-Ordered ADR:**

Eligibility for Court-Ordered Mediation or Judicial Arbitration will be determined at the Case Management Conference.  If eligible, the parties agree to participate in:

☐ Mediation                    ☐ Judicial Arbitration (non-binding)

**Private ADR:**

If the case is not eligible for Court-Ordered Mediation or Judicial Arbitration, the parties agree to participate in the following ADR process, which they will arrange and pay for without court involvement:

☐ Mediation                    ☐ Judicial Arbitration (non-binding)
☐ Binding Arbitration          ☐ Other (describe): _____

Proposed date to complete ADR: _____

**SUBMIT THIS FORM ALONG WITH THE CASE MANAGEMENT STATEMENT.**

| PRINT NAME OF PARTY OR ATTORNEY <br> ☐ Plaintiff ☐ Defendant | SIGNATURE OF PARTY OR ATTORNEY | DATE |
|---|---|---|
| PRINT NAME OF PARTY OR ATTORNEY <br> ☐ Plaintiff ☐ Defendant | SIGNATURE OF PARTY OR ATTORNEY | DATE |
| PRINT NAME OF PARTY OR ATTORNEY <br> ☐ Plaintiff ☐ Defendant | SIGNATURE OF PARTY OR ATTORNEY | DATE |
| PRINT NAME OF PARTY OR ATTORNEY <br> ☐ Plaintiff ☐ Defendant | SIGNATURE OF PARTY OR ATTORNEY | DATE |

☐ Additional signature(s) attached

**ALTERNATIVE DISPUTE RESOLUTION (ADR)**
**STIPULATION**

RI-ADR1B
Rev. 1/10

COPY

1    Andrea S. Loveless, Esq. (State Bar No. 231735)
     andrea@lovelesslawfirm.com
2    Peter Y. Chang, Esq. (State Bar No. 158390)
     peter@lovelesslawfirm.com
3    LOVELESS LAW FIRM, LLP
     1 Spectrum Pointe, Suite #300
4    Lake Forest, CA 92630
5    Telephone: (949) 679-4690
     Facsimile: (949) 679-4696
6
     Attorneys for Plaintiff
7    ELOISA JOHNSON

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

**MAY 11 2011**

R. Mc Elyea

8          SUPERIOR COURT FOR THE STATE OF CALIFORNIA

9          COUNTY OF RIVERSIDE – CENTRAL DISTRICT

10

| | |
|---|---|
| ELOISA JOHNSON, an individual, | Case No: *Ric*  11 08 03 03 |
| Plaintiff, | COMPLAINT |
| v. | 1) **WRONGFUL TERMINATION** (Under the FEHA); |
| | 2) **WRONGFUL TERMINATION** (Under CA Labor Code section 1102.5); |
| ADDUS HEALTHCARE, INC., an Illinois Corporation; and DOES 1-50, inclusive, | 3) **GENDER DISCRIMINATION** (Under California FEHA [Gov. Code § 12940]); |
| Defendants. | 4) **HARASSMENT (Under Title VII);** |
| | 5) **RETALIATION (Under CA Labor Code section 1102.5);** |
| | 6) **RETALIATION (Under the FEHA);** |
| | 7) **FAILURE TO TAKE REASONABLE STEPS NECESSARY TO PREVENT DISCRIMINATION AND HARASSMENT (Under FEHA [Gov. Code § 12940(k)]).** |
| | 8) **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;** |
| | 9) **NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS;** |
| | 10) **CLAIMS FOR UNPAID WAGES;** |
| | 11) **OVERTIME CLAIM FOR RELIEF;** |
| | 12) **MINIMUM WAGE CLAIM FOR RELIEF;** |

1

PRINTED ON
RECYCLED PAPER

|   | |
|---|---|
| 1 | 13) **STATUTORY WAGE CLAIM FOR RELIEF;** |
| 2 | 14) **LATE PAYMENT CLAIM FOR RELIEF; AND** |
| 3 | 15) **VIOLATION OF B&P SECTION 17200.** |
| 4 | |
| 5 | [Title VII of the Civil Rights Act of 1964, 42 |
| 6 | U.S.C. §2000e-3(a), California *Gov't Code* §12940 et seq.] |
| 7 | **DEMAND FOR JURY TRIAL** |
| 8 | |

### COMPLAINT

9

10      For the Claims against Defendants, PLAINTIFF ELOISA JOHNSON hereinafter

11  ("PLAINTIFF") demands a jury trial in this action and state and allege as follows:

### NATURE OF THE CLAIMS

12

13      1.      Ther suit is brought by an employee of ADDUS HEALTHCARE, INC., an Illinois

14  Corporation (hereinafter, "DEFENDANT ADDUS") against DEFENDANT ADDUS and

15  Defendants 1 through 50, inclusive (hereinafter collectively, "DEFENDANTS") under Title VII of

16  the Civil Rights Act of 1964, as amended, 42 U.S.C. section 2000e-5(f)(1) and (3) ("Title VII") and

17  Section 102 of the Civil Rights Act of 1991, 42 U.S.C. section 1981a, arising from a longstanding

18  and ongoing practice and pattern of discrimination, harassment, hostile work environment, and

19  other wrongful actions, words, conditions, and acts of commission and omission, among other

20  things, at the DEFENDANTS' facilities, as hereinafter alleged.  PLAINTIFF alleges that

21  DEFENDANTS, and each of them, knew about, created, maintained and failed to correct said

22  discrimination, harassment, hostile work environment, and other wrongful actions, words,

23  conditions, and acts of commission and omission, among other things, for PLAINTIFF and other

24  protected class workers, including the PLAINTIFF, as hereinafter alleged.

25      2.      As set forth in detail herein, PLAINTIFF files this action pursuant to California wage

26  and hour case/statutory law, Industrial Wage Commission (IWC) Wage Orders, including, but not

27  limited to Order No. 2-2001, and the provisions of California law relating to class action joinder,

28

1   including but not limited to Code of Civil Procedure section 382 and California Rules of Court, rule

2   3.800, et seq.

3       3.      PLAINTIFF is informed and believes and based thereon alleges that DEFENDANTS

4   failed to properly compensate PLAINTIFF for all hours worked, and failed to comply with overtime

5   compensation requirements. PLAINTIFF is further informed and believes, and thereon alleges that

6   PLAINTIFF, was allowed, suffered and permitted to work "Off-the-Clock" (hereinafter the time

7   and practice of not paying for all hours worked will be referred to "Off-the-Clock") and that

8   DEFENDANTS' practice of working PLAINTIFF Off-the-Clock caused DEFENDANTS not to pay

9   for all hours worked. PLAINTIFF is further informed and believes, and thereon alleges, that when

10  PLAINTIFF's employment was terminated with DEFENDANTS, DEFENDANTS failed to make

11  immediate payment of all actual wages, commissions, bonuses, and other compensation when due

12  as required by California law notwithstanding any claim by DEFENDANTS that the same was

13  done. PLAINTIFF is further informed and believes and based thereon alleges that DEFENDANTS'

14  actions described in this paragraph was in violation of California law, and was willful. PLAINTIFF

15  is further informed and believes that as a direct and proximate result of DEFENDANTS' illegal,

16  company-wide plan, practice and scheme, PLAINTIFF was: (1) required to work overtime without

17  "overtime" and/or "premium" pay; (2) not paid minimum wages; (3) not properly paid for all hours

18  worked and required to work Off-the-Clock without compensation; (4) not paid all wages due upon

19  termination of employment; and (5) victimized by DEFENDANTS' policies and practices set forth

20  herein. PLAINTIFF is entitled to recover unpaid/lost wages, overtime wages, premium pay,

21  statutory wages and related sums, civil penalties, attorneys' fees and costs, and interest as

22  authorized by California law.

23      4.      Additionally, PLAINTIFF has brought claims against DEFENDANTS under

24  California state statutory and common law, including, but not limited to, California Constitution,

25  Article I, Section 8, California Government Code section 12940 et seq., California Labor Code

26  section 1102.5 in regards to claims of wrongful termination in violation of public policy,

27  discrimination, harassment and retaliation based upon gender, and the lodging of grievances and

28  complaints, defamation, negligent supervision, and the intentional and negligent infliction of

PRINTED ON
RECYCLED PAPER

3

1    emotional distress.

2        5.    PLAINTIFF seeks all available equitable relief, damages, attorney fees, costs and

3    interest and punitive damages.

4                                    <u>JURISDICTION</u>

5        6.    The allegations set forth in the preceding paragraphs are re-alleged and incorporated

6    herein by reference as though set forth at length herein.

7        7.    Jurisdiction of this Court is invoked pursuant to the residence of PLAINTIFF and the

8    location in which she worked for DEFENDANT; which was in the County of Riverside, State of

9    California.

10                                     <u>PARTIES</u>

11       8.    The allegations set forth in the preceding paragraphs are re-alleged and incorporated

12   herein by reference as though set forth at length herein.

13       9.    At all times material herein, PLAINTIFF has been a resident of the County of

14   Riverside, State of California.

15       10.   At all times material herein, DEFENDANT ADDUS was doing business in the

16   County of Riverside, State of California, and is an employer as defined by Government Code

17   section 12926(d).

18       11.   The true names and capacities of the defendants named herein as Does 1 through 50,

19   inclusive, whether individual, corporate, associate, or otherwise, are unknown to PLAINTIFF, who

20   therefore sues such defendants by fictitious names pursuant to CD CA Rule 19-1 and California

21   Code of Civil Procedure section 474. PLAINTIFF is informed and believes, and thereon alleges,

22   that each of the fictitiously named defendants is responsible in the manner set forth herein, or some

23   other manner, for the occurrences alleged herein, and that the damages as alleged herein were

24   proximately caused by their conduct. PLAINTIFF is informed and believes, and thereon alleges,

25   that each of the fictitiously named defendants is a California resident. PLAINTIFF will amend this

26   complaint to show the true names and capacities of each of the fictitiously named defendants when

27   such names and capacities have been determined. PLAINTIFF, therefore, designates such

28   defendants as DOES 1-50, inclusive ("DOES"), and sues them under those fictitious names.

1      12.     PLAINTIFF is informed and believes and therein alleges that at all times relevant

2 each of the DEFENDANTS, including the DOES, was the agent, servant, employee, principal,

3 owner, employer, joint venturer and/or managing agent of each of the other DEFENDANTS and in

4 doing the things herein mentioned, was acting with the scope of such agency, ownership and/or

5 employment. These individuals were at all relevant times, the agents and employees of

6 DEFENDANT ADDUS and in doing the actions mentioned below were acting within the scope of

7 their authority of such agent and employee, with the permission, consent and ratification of

8 DEFENDANT ADDUS. These defendants are sued individually, and as managing agents of

9 DEFENDANTS, who acted in the course and scope of their employment and/or in their individual

10 capacity. Except as otherwise noted in their respective heading, all causes of action are against all

11 defendants, named and unnamed, and each of them.

12 ## EXHAUSTION OF ADMINISTRATIVE REMEDIES

13      13.     The allegations set forth in the preceding paragraphs are re-alleged and incorporated

14 herein by reference as though set forth at length herein.

15      14.     On or about April 20, 2011, PLAINTIFF filed a complaint of discrimination based

16 upon Wrongful Termination, Gender and National Origin Discrimination, and Retaliation with the

17 California Department of Fair Employment and Housing (DFEH) against DEFENDANT ADDUS.

18 PLAINTIFF filed such claim in a timely manner. (Attached as Exhibit A is a copy of said

19 complaint.)

20      15.     On April 20, 2011, PLAINTIFF was issued her "Notice of Right to Sue" on said

21 complaint by the DFEH. (Attached as Exhibit B is the "Notice of Right-To-Sue" for said

22 complaint.)

23 ## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

24      16.     The allegations set forth in the preceding paragraphs are realleged and

25 incorporated herein by reference as though set forth at length herein.

26      17.     PLAINTIFF was employed by DEFENDANT ADDUS, a company providing health

27 care services to individuals including, but not limited to, the elderly, the infirm, United States

28 veterans, and others, since March of 2010 and was terminated by DEFENDANT ADDUS in

PRINTED ON
RECYCLED PAPER

1   October of 2010.  During her tenure at DEFENDANT ADDUS, PLAINTIFF was recognized on

2   many separate occasions for her outstanding work and value to the company.

3        18.   PLAINTIFF was employed in the position Account Executive, and earned a non-

4   exempt salary.  These duties did not include any managerial duties.  At all times material herein,

5   PLAINTIFF was a conscientious and diligent employee and took great care to perform her daily

6   functions as expected.  Her relationship with her superiors was exemplary and she received

7   compliments for her work.  She received many assurances concerning her performance such that

8   she had every reasonable grounds to believe that her job was secure.  this state of affairs was

9   interrupted, however, when PLAINTIFF, in performing her duties as required, experienced

10  retaliatory conduct in the form of harassment,withholding of pay, withholding of bonuses, hostile

11  and demeaning words from her supervisor at Addus Healthcare, and other illegal, discriminatory,

12  and/or unlawful behavior from her superior and other representatives of Addus Healthcare designed

13  to create a hostile work environment, and leading to her unlawful termination from Addus

14  Healthcare in October of 2010 as more fully described herein.

15       19.   Beginning in or about March, 2010, PLAINTIFF noticed that certain violations of

16  regulation, policy, and other rules, including, but not limited to, rules as hereinafter described and

17  even by DEFENDANT ADDUS itself, were occurring through the actions and omissions of

18  DEFENDANT ADDUS, through its employees, including, for example, the mistreatment of one or

19  more patients of DEFENDANT ADDUS, violation of privacy rules, and financial improprieties

20  regarding the funding of their treatment.  PLAINTIFF is informed and believes and based thereon

21  alleges that such rules included, but were not limited to, rules such as the Federal Standards for

22  Privacy of Individually Identifiable Health Information (45 C.F.R. Parts 160 and 164, Subparts A

23  and E), rules and regulations promulgated by the United States Veterans Administration and the

24  United States Department of Health and Human Resources, and other relevant provisions of Federal

25  law protecting privacy and governing the financing of health care.

26       20.   At all times material herein, PLAINTIFF had observed that employees of

27  DEFENDANT ADDUS had engaged in questionable practices in violation of one or more of the

28  aforesaid rules concerning the servicing of DEFENDANT ADDUS clients such as "PATIENT X,"

1    PATIENT Y," and "PATIENT Z" (whose names are redacted in this Complaint and who are

2    identified by such fictitious names to protect their privacy, but whose names will be revealed upon

3    appropriate legal request under protective order or seal), making false claims that services had been

4    provided for which funding sources were charged.

5        21.    PLAINTIFF duly informed her superiors, including but not limited to,

6    DEFENDANT ADDUS employee and supervisor LYNDA HIGGINS, of said rule violations and

7    questionable practices. These reports were required as a result of the legal and ethical duties of

8    DEFENDANT ADDUS arising from its obligations to its clients, its relationship to funding parties

9    such as the United States Veteran's Administration, and other rules and regulations. PLAINTIFF's

10   statements were such that they should have served as "red flags" motivating DEFENDANT

11   ADDUS to investigate the improprieties therein referenced, discipline the appropriate parties, and,

12   if necessary, modify its practices to assure that such violations would not reoccur.

13       22.    Instead of investigating these improprieties, however, DEFENDANT ADDUS,

14   through its employees, including but not limited to supervisor LYNDA HIGGINS, employee

15   NICOLE QUINTAL, and others, knowingly and deliberately ostracized PLAINTIFF by falsely

16   creating a hostile work environment in which PLAINTIFF herself became the center of attention

17   and, furthermore, DEFENDANT ADDUS through its said employees immediately began to find

18   fault with PLAINTIFF's performance as a consequence of PLAINTIFF's reports.

19       23.    In early 2010, PLAINTIFF found herself victimized through deliberate actions by

20   said NICOLE QUINTAL and others that made it impossible for her to do her job. While

21   PLAINTIFF had previously been assigned responsibility for her particular domain, she found

22   herself inexplicably demoted. Other employees, including NICOLE QUINTAL, unilaterally took

23   over PLAINTIFF's workspace and began to hide essential marketing material that PLAINTIFF

24   needed in order to fulfill her responsibilities. PLAINTIFF also found that NICOLE QUINTAL and

25   others within Addus Healthcare had decided to inadequately staff the clients secured by

26   PLAINTIFF and even fail to assign appropriate staff for new clients PLAINTIFF had obtained for

27   Addus Healthcare.

28       24.    Matters continually escalated to the level wherein, because of the harassing conduct

PRINTED ON
RECYCLED PAPER

1    of PLAINTIFF's supervisors, law enforcement authorities had to be notified, resulting in severe

2    emotional trauma to PLAINTIFF.

3        25.    An illustrative example of the harassment is found in the events of Tuesday, June 15,

4    2010. PLAINTIFF arrived as routinely scheduled at 8:30 a.m. for a Home Health meeting.  She

5    found upon her arrival that the meeting had been inexplicably canceled.  In seeking access to her

6    work equipment immediately thereafter, PLAINTIFF went to the back of the office, only to be

7    physically confronted by NICOLE QUINTAL, who, barging into the small enclosure, screamed at

8    her incoherently about an email.  NICOLE QUINTAL's demeanor was hostile and threatening,

9.   causing PLAINTIFF great fear for her own physical safety.  this physical confrontation was all the

10   more frightening because it pertained to no email of which PLAINTIFF had any specific

11   knowledge.

12       26.    Throughout this incident, NICOLE QUINTAL was repeatedly asked by PLAINTIFF

13   to state her concerns calmly and then, failing that, to please leave PLAINTIFF alone until NICOLE

14   QUINTAL could calm down and until they could converse in a less claustrophobic enclosure.

15   These words were to no avail, and NICOLE QUINTAL blocked PLAINTIFF from being able to

16   leave.  Also throughout this incident, PLAINTIFF noticed that NICOLE QUINTAL's eyes were

17   dilated as if she were under the influence of a drug.

18       27.    When PLAINTIFF was finally released, she immediately sought the assistance of

19   another supervisor on the premises, WENDY GREGAR, informing her of what had just happened.

20   Instead of demonstrating any concern for PLAINTIFF, WENDY GREGAR told her that there was

21   no recourse within DEFENDANT ADDUS for NICOLE QUINTAL's actions.  PLAINTIFF then

22   went to DEFENDANT ADDUS official DIANE BURKE, who told her to fill out a confidential

23   form for disciplinary action, which was done.  PLAINTIFF reported this confrontation to supervisor

24   LYNDA HIGGINS, but PLAINTIFF is informed and alleges and based thereon alleges that no

25   corrective action was taken to the minimum extent required by applicable law.

26       28.    As a result of this and other incidents, PLAINTIFF reasonably feared for her safety

27   and the safety of her family, and she was moved to file a police report accordingly.  In the aftermath

28   of the aforementioned June 15 incident, while PLAINTIFF was on her way to file the police report

1  PLAINTIFF sought to inform other supervisors and managers within DEFENDANT ADDUS

2  through calls made by cell phone. PLAINTIFF urgently called DEFENDANT ADDUS official

3  ELIZABTH O'BRIEN and left her a message. PLAINTIFF also called LYNDA HIGGINS, telling

4  her about the incident and her fears about her safety. Despite the shocking incident that so

5  traumatized PLAINTIFF, her general supervisor, the human resources department, and other

6  supervisory and managerial personnel within Addus Healthcare took little note of what had

7  occurred. Upon her return to the office after filing the police report, PLAINTIFF found that

8  LYNDA HIGGINS had shown NICOLE QUINTAL the confidential form that PLAINTIFF, at Ms.

9  Burke's direction, had filled out.

10      29.     PLAINTIFF suffered greatly from dizziness, abdominal pains, and a migraine-sized

11  headache in the aftermath of said June 15 incident.

12      30.     Harassing incidents such as the aforesaid June 15 incident occurred after

13  PLAINTIFF reported on said improprieties, including, but not limited to, the violations of rules as

14  described hereinabove, occurring under the direction of personnel such as LYNDA HIGGINS and

15  NICOLE QUINTAL, and with the knowledge or collusion of DEFENDANT ADDUS personnel

16  such as MICHELLE HOLLIS and DELORES FORENSKI, all of which held managerial or other

17  positions above PLAINTIFF.

18      31.     In the aftermath of PLAINTIFF's reporting of such improprieties and harassment,

19  PLAINTIFF discovered that she had not been fully paid her commissions, bonuses, and wages, and

20  that that such remuneration remains due and outstanding from DEFENDANT ADDUS to date.

21      32.     As a consequence of her reporting said improprieties and harassment, PLAINTIFF

22  was ostracized, victimized, and ultimately unlawfully terminated, as described in this Complaint, by

23  the same supervisory personnel whose responsibility it was to assure that such improprieties do not

24  take place. In some cases, the sources of harassment were the ones that were actually observed

25  committing these illegal acts. The harassment and/or hostile work environment only increased

26  when, finding that her wages and bonuses had not been paid, that her work equipment and

27  marketing material had disappeared, and other hostile and oppressive acts had occurred,

28  PLAINTIFF sought these payments from DEFENDANT ADDUS, to no avail.

PRINTED ON
RECYCLED PAPER

9

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION –
## THE "REASON" PLAINTIFF'S TERMINATION WAS PRETEXTUAL

33.     The allegations set forth in the preceding paragraphs are realleged and incorporated herein by reference as though set forth at length herein.

34.     Based upon all of the foregoing facts, PLAINTIFF alleges that DEFENDANT ADDUS's true motives for terminating her employment was retaliation for PLAINTIFF's reports of improprieties and harassment as hereinabove alleged.

35.     After PLAINTIFF lodged said reports, said employees of DEFENDANT ADDUS began to increasingly harass PLAINTIFF.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION –
## HOSTILE WORK ENVIRONMENT

36.     The allegations set forth in the preceding paragraphs are re-alleged and incorporated herein by reference as though set forth at length herein.

37.     PLAINTIFF was exposed to demeaning and hostile conduct at the hands of employees of DEFENDANT ADDUS, including, but not limited to, the refusal to provide her with appropriate materials, the assignment of her duties to NICOLE QUINTAL, the aforementioned June 15 incident and its aftermath, and other acts of harassment.

38.     Throughout the period of time that PLAINTIFF was experiencing the above-referenced actions, PLAINTIFF repeatedly complained to supervisory personnel at DEFENDANT ADDUS about the hostile work environment and demeaning conduct she experienced; however, no investigation was conducted nor any adequate disciplinary action taken by anyone at DEFENDANT ADDUS, thus constituting ratification of said conduct and thus allowing the hostile work environment to persist.  DEFENDANT ADDUS's apathy towards PLAINTIFF further contributed to a hostile work environment.

39.     DEFENDANT ADDUS's failure to conduct any investigation into the claims made by PLAINTIFF was an acceptance and ratification of DEFENDANT ADDUS's and its employees' unlawful conduct. As such, DEFENDANTS, and each of them, failed to exercise reasonable care to investigate, prevent and correct the harassing behavior, and, in fact, ratified it by wrongfully

PRINTED ON
RECYCLED PAPER

1   terminating PLAINTIFF.

2          **FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION –**

3                     **HARASSMENT AND RETALIATION**

4      40.     The allegations set forth in the preceding paragraphs are re-alleged and incorporated

5   herein by reference as though set forth at length herein.

6      41.     After repeatedly complaining about discrimination, harassment and disparate

7   treatment, PLAINTIFF continued to be harassed and retaliated against. In addition to the foregoing,

8   other examples of such discrimination, harassment and retaliation, including, but not limited to, the

9   refusal to provide her with appropriate materials, the assignment of her duties to NICOLE

10   QUINTAL, the aforementioned June 15 incident and its aftermath, and other acts of harassment.

11          **FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION –**

12                       **GENDER DISCRIMINATION**

13      42.     The allegations set forth in the preceding paragraphs are re-alleged and incorporated

14   herein by reference as though set forth at length herein.

15      43.     PLAINTIFF is a woman and is a member of a protected class for the purposes of the

16   Federal and State statutes cited herein.

17      44.     The actions, as described in this Complaint, of DEFENDANTS, and each of them

18   against PLAINTIFF were based on PLAINTIFF's gender and constituted unlawful discrimination

19   on the basis of PLAINTIFF's gender, national origin, and ancestry in violation of the Federal and

20   State statutes against gender discrimination described in this Complaint.

21      45.     Despite PLAINTIFF's complaints, DEFENDANT ADDUS, and each of them, failed

22   to take immediate and effective remedial action.

23      46.     DEFENDANT ADDUS's treated PLAINTIFF differently from other similarly

24   situated male employees because male employees who complained about harassment, rule

25   violations, etc. were immediately taken seriously and their complaints investigated.

26      47.     DEFENDANT ADDUS's failure to conduct any investigation into the claims made

27   by PLAINTIFF and others according to the terms of its bylaws, was an acceptance and ratification

28   of DEFENDANT ADDUS's and its employees' unlawful conduct.  As such, DEFENDANTS, and

PRINTED ON
RECYCLED PAPER

11

1  each of them, failed to exercise reasonable care to investigate, prevent and correct the harassing

2  behavior, and, in fact, ratified this conduct by wrongfully terminating PLAINTIFF.

3  ### FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION –

4  ### CONCLUDING ALLEGATIONS

5    48.    The allegations set forth in the preceding paragraphs are realleged and incorporated

6  herein by reference as though set forth at length herein.

7    49.    Because DEFENDANT ADDUS failed to remedy the complained of harassment,

8  discrimination and retaliation, PLAINTIFF filed charges with the DFEH.

9    50.    In light of the unlawful and wrongful treatment of PLAINTIFF by DEFENDANT

10  ADDUS's employees during her employment, including their acceptance of, failure to act

11  regarding, and ratification of, unlawful and wrongful treatment by DEFENDANT ADDUS's staff,

12  as well as the wrongful and retaliatory termination of PLAINTIFF by DEFENDANT ADDUS

13  under pretextual claims, DEFENDANT ADDUS's actions are outrageous and egregious.

14    51.    The foregoing incidents represent, by way of example only, numerous instances

15  where PLAINTIFF has been discriminated against, retaliated, harassed and humiliated by the

16  conduct of DEFENDANT ADDUS, its administrative staff, and staff members.

17    52.    PLAINTIFF was wrongfully terminated from her employment at DEFENDANT

18  ADDUS in whole or in part based on factors including, but not limited to, the following:

19      a. In retaliation for her "whertleblowing" reports as hereinabove alleged;

20      b. On the basis of her gender, as a woman;

21      c. Retaliation for PLAINTIFF's complaints of harassment made to management at

22  DEFENDANT ADDUS;

23      d. Her refusal to accept the wrongful treatment by her supervisors, including,

24  harassment, discrimination and retaliation.

25    53.    DEFENDANT ADDUS's true motivation for PLAINTIFF's termination is

26  discriminatory, harassing and/or retaliatory based on 1) retaliation for "whertleblowing" reports as

27  hereinabove alleged; 2) her gender; 3) her complaints of harassment and discrimination; and 4) her

28  engagement in legally protected activity, i.e. requesting assistance from DEFENDANT ADDUS's

PRINTED ON
RECYCLED PAPER

12

1   Human Resources Department.

2       54.    By engaging in the acts enumerated above, DEFENDANT ADDUS created a hostile

3   work environment for PLAINTIFF, including harassment and discrimination as hereinabove

4   described, which led to a tangible job detriment. Further, DEFENDANTS, and each of them, failed

5   to exercise reasonable care to investigate, prevent and correct the harassing behavior, and, in fact,

6.   ratified it by wrongfully terminating PLAINTIFF.

7       55.    By permitting DEFENDANT ADDUS to discriminate against PLAINTIFF in the

8   manner set forth above, the other DEFENDANTS, and unnamed defendants DOES 1 through 50,

9   condoned, ratified, encouraged, or otherwise approved of said discrimination.

10                   **FIRST CAUSE OF ACTION**

11             **WRONGFUL TERMINATION (Under the FEHA)**

12       56.    The allegations set forth in the preceding paragraphs are re-alleged and incorporated

13   herein by reference as though set forth at length herein.

14       57.    At all times mentioned in the Complaint, the Fair Employment and Housing Act

15   ("FEHA"), as specifically set forth in California Government Code section 12940, et seq. was in

16   full force and effect and set forth fundamental, substantial and well-established public policy at the

17   time of DEFENDANT ADDUS's termination of PLAINTIFF.

18       58.    These statutes require DEFENDANT ADDUS to refrain from terminating any

19   employee on the following grounds: a) race; b) gender; c) physical condition/disability and mental

20   disability; and/or d) religion and/or for complaints about unlawful discrimination and/or harassment

21   based upon race and/or gender and/or religion.

22       59.    In violation of these applicable laws, and despite DEFENDANT ADDUS's full

23   knowledge of the harassing, discriminatory and retaliatory conduct as described above,

24   DEFENDANT ADDUS ultimately terminated PLAINTIFF in October, 2010. Prior to said date,

25   PLAINTIFF was discriminated against, based on her gender, in the terms, conditions and privileges

26   of employment.

27       60.    On February 24, 2010 DEFENDANT ADDUS terminated PLAINTIFF for a pre-

28   textual reason and without good cause because she was a woman and in retaliation for her

1   complaints of harassment and discrimination.

2       61.     DEFENDANT ADDUS thus violated the relevant authority set forth above through

3   their actions as set herein, which included, without limitation, a continuing course of conduct of

4   harassment, discrimination and retaliation in violation of FEHA and TITLE VII, as well as a pattern

5   and practice of gender discrimination, harassment and retaliation in terms and conditions of

6   employment against PLAINTIFF.

7       62.    As a proximate result of DEFENDANT ADDUS's actions, PLAINTIFF has suffered

8   actual, consequential and incidental financial losses, including without limitation, loss of salary and

9   benefits, and the intangible loss of employment related opportunities in her field and damage to her

10  professional reputation, all in an amount subject to proof at the time of trial.

11      63.     DEFENDANTS' despicable conduct as described herein was malicious and

12  oppressive and done with a conscious disregard of PLAINTIFF's rights. DEFENDANT ADDUS's

13  acts were designed to humiliate and oppress PLAINTIFF; and they had that effect. Thus,

14  PLAINTIFF is entitled to punitive damages against DEFENDANT ADDUS under California Civil

15  Code section 3294.

16      64.    As a direct and proximate result of the wrongful acts of DEFENDANT ADDUS, and

17  each of them, PLAINTIFF has been forced to hire attorneys to prosecute her claims herein, and has

18  incurred and is expected to continue to incur attorney fees and costs in connection therewith.

19                    **SECOND CAUSE OF ACTION**

20          **WRONGFUL TERMINATION (Under CA Labor Code section 1102.5)**

21      65.    The allegations set forth in the preceding paragraphs are re-alleged and incorporated

22  herein by reference as though set forth at length herein.

23      66:    At all times herein relevant there was an employer/employee relationship between

24  SMITH and the DEFENDANTS.

25      67.    At all times herein mentioned, Cal. Labor Code §§ 1102.5 and 1105 were in full

26  force and effect. These statutes prohibited termination by employers against employees who report

27  or disclose information to a government or law enforcement agency concerning what the employee

28  believes to violations of state and federal statutes, and noncompliance with state and federal rules

1   and regulations as herein alleged.

2   68.   At all times herein mentioned, DEFENDANTS violated Cal. Labor Code §§ 1102.5
3   and 1105 by terminating PLAINTIFF for disclosing or reporting to her supervisors violations of
4   state and federal statutes, and noncompliance with state and federal rules and regulations as herein
5   alleged.

6   69.   Beginning in or about March 2010, PLAINTIFF noticed that certain violations of
7   regulation, policy, and other rules, including, but not limited to, rules as hereinafter described and
8   even by DEFENDANT ADDUS itself, were occurring through the actions and omissions of
9   DEFENDANT ADDUS, through its employees, including, for example, the mistreatment of one or
10  more patients of DEFENDANT ADDUS, violation of privacy rules, and financial improprieties
11  regarding the funding of their treatment. PLAINTIFF is informed and believes and based thereon
12  alleges that such rules included, but were not limited to, rules such as the Federal Standards for
13  Privacy of Individually Identifiable Health Information (45 C.F.R. Parts 160 and 164, Subparts A
14  and E), rules and regulations promulgated by the United States Veterans Administration and the
15  United States Department of Health and Human Resources, and other relevant provisions of Federal
16  law protecting privacy and governing the financing of health care.

17  70.   At all times material herein, PLAINTIFF had observed that employees of
18  DEFENDANT ADDUS had engaged in questionable practices in violation of one or more of the
19  aforesaid rules concerning the servicing of DEFENDANT ADDUS clients such as "PATIENT X,"
20  PATIENT Y," and "PATIENT Z" (whose names are redacted in this Complaint and who are
21  identified by such fictitious names to protect their privacy, but whose names will be revealed upon
22  appropriate legal request under protective order or seal), making false claims that services had been
23  provided for which funding sources were charged.

24  71.   PLAINTIFF duly informed her superiors, including but not limited to,
25  DEFENDANT ADDUS employee and supervisor LYNDA HIGGINS, of said rule violations and
26  questionable practices. These reports were required as a result of the legal and ethical duties of
27  DEFENDANT ADDUS arising from its obligations to its clients, its relationship to funding parties
28  such as the United States Veteran's Administration, and other rules and regulations. PLAINTIFF's

1  statements were such that they should have served as "red flags" motivating DEFENDANT

2  ADDUS to investigate the improprieties therein referenced, discipline the appropriate parties, and,

3  if necessary, modify its practices to assure that such violations would not reoccur.

4      72.    Instead of investigating these improprieties, however, DEFENDANT ADDUS,

5  through its employees, including but not limited to supervisor LYNDA HIGGINS, employee

6  NICOLE QUINTAL, and others, knowingly and deliberately ostracized PLAINTIFF by falsely

7  creating a hostile work environment in which PLAINTIFF herself became the center of attention

8  and, furthermore, DEFENDANT ADDUS through its said employees immediately began to find

9  fault with PLAINTIFF's performance as a consequence of PLAINTIFF's reports, as described

10  above.

11      73.    As a consequence of her reporting said improprieties and harassment, PLAINTIFF

12  was ostracized, victimized, and ultimately unlawfully terminated, as described in this Complaint, by

13  the same supervisory personnel whose responsibility it was to assure that such improprieties do not

14  take place. In some cases, the sources of harassment were the ones that were actually observed

15  committing these illegal acts.  The harassment and/or hostile work environment only increased

16  when, finding that her wages and bonuses had not been paid, that her work equipment and

17  marketing material had disappeared, and other hostile and oppressive acts had occurred,

18  PLAINTIFF sought these payments from DEFENDANT ADDUS, to no avail.

19                          **THIRD CAUSE OF ACTION**

20      **GENDER DISCRIMINATION (Under California FEHA [Gov. Code § 12940])**

21      74..    The allegations set forth in the preceding paragraphs are re-alleged and incorporated

22  herein by reference as though set forth at length herein.

23      75.    PLAINTIFF is a woman and is a member of a protected class for the purposes of the

24  Federal and State statutes cited herein.

25      76.    The actions, as described in this Complaint, of DEFENDANTS, and each of them

26  against PLAINTIFF were based on PLAINTIFF's gender and constituted unlawful discrimination

27  on the basis of PLAINTIFF's gender in violation of the Federal and State statutes against gender

28  discrimination described in this Complaint.

PRINTED ON
RECYCLED PAPER

16

77.     Defendants treated PLAINTIFF disparately from other similarly situated male employees.

78.     Despite PLAINTIFF's complaints, DEFENDANT ADDUS, and each of them, failed to take immediate and effective remedial action.

78.     DEFENDANT ADDUS's failure to conduct any investigation into the claims made by PLAINTIFF and others according to the terms of its bylaws, was an acceptance and ratification of DEFENDANT ADDUS's and its employees' unlawful conduct. As such, DEFENDANTS, and each of them, failed to exercise reasonable care to investigate, prevent and correct the harassing behavior, and, in fact, ratified this conduct by wrongfully terminating PLAINTIFF.

79.     As a legal result of DEFENDANT ADDUS' willful, knowing and intentional discrimination against her, PLAINTIFF has suffered and will continue to suffer pain and suffering, and extreme and severe mental anguish and emotional distress; she has incurred and will continue to incur medical expenses for treatment by health care professionals, and for other incidental expenses; and PLAINTIFF has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. PLAINTIFF is thereby entitled to general and compensatory damages in amounts to be proven at trial.

## FOURTH CAUSE OF ACTION

### HARASSMENT (Under Title VII)

80.     The allegations set forth in the preceding paragraphs are re-alleged and incorporated herein by reference as though set forth at length herein.

81.     DEFENDANT ADDUS is an "employer" as defined in section 701 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. section 2000e-2.

82.     At all times herein mentioned, 42 U.S.C. 2000e et seq. was in full force and effect and was binding on DEFENDANT ADDUS, as DEFENDANT ADDUS regularly employed fifteen (15) or more persons.

83.     42 U.S.C. section 2000e-2 provides that it is unlawful employment practice for an employer or any other person, because of gender to harass an employee.

84.     42 U.S.C. section 2000e-3(a) makes it unlawful for any person to retaliate against an

employee who has opposed a discriminatory practice. According to 42 U.S.C. section 2000e-3 "It shall be unlawful employment practice for an employer to discriminate against any of its employees... because she has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

85.     PLAINTIFF is informed and believes, and based thereon alleges, that DEFENDANT ADDUS, through its actions, words, policies and employees, willfully and intentionally engaged in a course of conduct designed to harass and intimidate her by creating an abusive work environment.

86.     DEFENDANT ADDUS's conduct, included, but was not limited to, the conduct outlined above, and subjecting PLAINTIFF to unwarranted criticism and ultimately terminating her. PLAINTIFF is informed and believes that she was singled out for this conduct based in part on her gender.

87.     Additionally, PLAINTIFF was subject to materially adverse actions by DEFENDANT ADDUS due to her complaints of harassment, so as to constitute retaliation by DEFENDANT ADDUS against PLAINTIFF, including, but not limited to, an attempt to dissuade PLAINTIFF from making and supporting her charges and claims of harassment and retaliation.

88.     Despite full knowledge of the above-mentioned actions, DEFENDANT ADDUS failed to take immediate and appropriate corrective action to prevent the harassment and retaliation from continuing. At no time did DEFENDANT ADDUS take any action in regards to the serious and pervasive conduct.

89.     DEFENDANT ADDUS's conduct was a concerted pattern of harassment and retaliation of a repeated, routine and generalized nature, as evidenced above. PLAINTIFF alleges that DEFENDANT ADDUS's conduct created an unreasonably abusive and offensive work environment that was so severe and pervasive that they altered the conditions of PLAINTIFF's employment.

90.     As a proximate result of DEFENDANT ADDUS's actions, PLAINTIFF has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial.

PRINTED ON
RECYCLED PAPER

18

91.   DEFENDANT ADDUS's acts of harassment and retaliation were performed with malice, willfulness and reckless indifference to PLAINTIFF's protected civil rights.

## FIFTH CAUSE OF ACTION

### RETALIATION (Under CA Labor Code section 1102.5)

92.   The allegations set forth in the preceding paragraphs above are re-alleged and incorporated herein by reference as though set forth at length herein.

93.   At all times herein relevant there was an employer/employee relationship between PLAINTIFF and DEFENDANTS.

94.   At all times herein mentioned, Cal. Labor Code §§ 1102.5 and 1105 were in full force and effect. These statutes prohibited retaliation by employers against employees who report or disclose information to a government or law enforcement agency concerning what the employee believes to violations of state and federal statutes, and noncompliance with state and federal rules and regulations as herein alleged.

95.   At all times herein mentioned, DEFENDANTS violated Cal. Labor Code §§ 1102.5 and 1105 by retaliating against PLAINTIFF for disclosing or reporting to her supervisors violations of state and federal statutes, and noncompliance with state and federal rules and regulations as herein alleged.

## SIXTH CAUSE OF ACTION

### RETALIATION (Under California FEHA [Gov. Code § 12940])

96.   The allegations set forth in the preceding paragraphs above are re-alleged and incorporated herein by reference as though set forth at length herein.

97.   This cause of action arises under the public policies of the State of California and the United States of America, and DEFENDANT ADDUS's retaliation against PLAINTIFF and ultimate termination of her employment and continued retaliation was in violation of such policies, including those set forth in statutes and regulations, such as, without limitation, FEHA.

98.   PLAINTIFF was at all times relevant herein an employee as defined by California Government Code section 12940(c). Defendants DEFENDANT ADDUS, were at all times relevant herein an employer subject to the California Government Code section 12940(d).

PRINTED ON
RECYCLED PAPER

99. Government Code section 12940(h) makes it unlawful for DEFENDANT ADDUS to retaliate against an employee who has opposed a discriminatory practice.

100. During the course of PLAINTIFF's employment with DEFENDANT ADDUS, she repeatedly complained to DEFENDANT ADDUS and her immediate supervisors about the discrimination and harassment, as alleged above. Yet DEFENDANT ADDUS ratified this discrimination and harassment by failing to take corrective action and finally by retaliating against PLAINTIFF for engaging in these protected activities, by terminating her employment effective on February 24, 2010.

101. As alleged herein and set forth in more detail above, during PLAINTIFF's employment she suffered retaliation for such actions, and in violation of said public policies of California and the United States of America, DEFENDANT ADDUS terminated PLAINTIFF and otherwise retaliated against him, such as without limitation, by fabricating reasons to terminate her employment, holding him to different standards than other employees of her same rank, and defaming him in front of other co-workers.

102. As a direct and proximate result of DEFENDANT ADDUS's conduct as set forth above, PLAINTIFF's emotional well-being has substantially suffered and will continue to suffer. PLAINTIFF has experienced and continues to experience severe emotional distress, in an amount to be proven at trial. PLAINTIFF alleges that she has and will continue to suffer substantial losses in earnings, other employment opportunities, employment benefits and other damages, the precise amounts to be proven at trial.

103. Pursuant to California Government Code section 12965, PLAINTIFF is entitled to an award against DEFENDANT ADDUS, and each of them, of attorneys' fees and costs incurred in this action.

104. DEFENDANT ADDUS's despicable conduct as described herein was malicious and oppressive and done with a conscious disregard of PLAINTIFF's rights. DEFENDANT ADDUS's acts were designed to humiliate and oppress PLAINTIFF; and they had that effect. DEFENDANT ADDUS condoned, ratified and encouraged the unlawful conduct. Thus, PLAINTIFF is entitled to punitive damages against all Defendants under California Civil Code section 3294.

PRINTED ON
RECYCLED PAPER

## SEVENTH CAUSE OF ACTION

### FAILURE TO TAKE REASONABLE STEPS NECESSARY TO PREVENT DISCRIMINATION AND HARASSMENT (Under FEHA [Gov. Code § 12940(k)]).

105.   The allegations set forth in the preceding paragraphs above are re-alleged and incorporated herein by reference as though set forth at length herein.

106.   DEFENDANT ADDUS knew, or reasonably should have known, that PLAINTIFF's supervisors were engaging in the unlawful behavior described above.

107.   At all times material herein, DEFENDANT ADDUS knew, or reasonably should have known, that the conduct, acts, and failure to act of all supervisors, agents and employees as described hereinabove violated PLAINTIFF's rights under state and municipal statutes, codes and ordinances.

108.   At all times material herein, DEFENDANT ADDUS knew, or reasonably should have known, that the incidents, conduct, acts, and failures to act described hereinabove, would and did proximately result in emotional distress to PLAINTIFF, including, but not limited to, loss of sleep, anxiety, tension, depression, embarrassment, discomfort and humiliation.

109.   At all times material herein, DEFENDANT ADDUS knew, or reasonably should have known, that unless they acted to uphold the law to protect PLAINTIFF and to adequately supervise, prohibit, control, regulate, discipline, and/or otherwise penalize the conduct, acts, and failures to act, of all supervisors, agents or employees as alleged hereinabove, said conduct, acts, and failures to act would continue, thereby subjecting PLAINTIFF to personal injury, tortious injury and emotional distress.

110.   DEFENDANT ADDUS knew, or in the exercise of reasonable care should have known, that unless DEFENDANT ADDUS intervened to protect PLAINTIFF, and to adequately supervise, prohibit, control, regulate, discipline, and/or otherwise penalize the conduct, acts, and failures to act as described herein, DEFENDANT ADDUS's failure to so protect, supervise, and intervene would have the effect of encouraging, ratifying, condoning, exacerbating, increasing and worsening said conduct acts, and failures to act.

111.   At all times material herein, DEFENDANT ADDUS had the power, ability,

1    authority, and duty to intervene, supervise, prohibit, control, regulate, discipline, and/or penalize

2    such conduct, acts, and failures to act or to otherwise protect PLAINTIFF.

3        112.   Despite said knowledge, power, and duty, DEFENDANT ADDUS negligently

4    failed to act so as to prevent, supervise, prohibit, control, regulate, discipline, and/or penalize such

5    conduct, acts, and failures to act or to otherwise protect PLAINTIFF.

6        113.   As a direct and proximate result of the failure of DEFENDANT ADDUS to protect

7    PLAINTIFF, and to adequately supervise prohibit, control, regulate, discipline, and/or otherwise

8    penalize the conduct, acts, and failures to act of all supervisors, agents or employees as alleged

9    hereinabove, said conduct, acts, and failures to act were perceived by them as, and in fact had the

10   effect of, ratifying, encouraging, condoning, exacerbating, increasing, and/or worsening said

11   conduct, acts, and failures to act.

12       114.   At all times material herein, the failure of DEFENDANT ADDUS to protect

13   PLAINTIFF, and to adequately supervise prohibit, control, regulate, discipline, and/or otherwise

14   penalize the conduct, acts, and failures to act of all supervisors, agents or employees violated

15   PLAINTIFF's rights under federal, state and municipal statutes, codes and ordinances.

16       115.   DEFENDANT ADDUS's actions, as set forth above, violated the fundamental

17   public policy set forth in Government Code section 12940.

18       116.   As a direct and proximate result of DEFENDANT ADDUS's actions, PLAINTIFF

19   has suffered and will continue to suffer pain and suffering, and extreme and severe mental anguish

20   and emotional distress; and she has suffered and will continue to suffer a loss of earnings and other

21   employment benefits and job opportunities. PLAINTIFF is thereby entitled to general and

22   compensatory damages in amounts to be proven at trial.

### EIGHTH CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

25       117.   The allegations set forth in the preceding paragraphs above are re-alleged and

26   incorporated herein by reference as though set forth at length herein.

27       118.   As set forth in detail above, the conduct of DEFENDANT ADDUS toward

28   PLAINTIFF was outrageous in that said conduct was beyond all bounds of decency. DEFENDANT

1    ADDUS intentionally subjected PLAINTIFF to their actions as more specifically stated above, and

2    ensuing emotional distress during her tenure with DEFENDANT ADDUS. All said actions are

3    outrageous.

4         119.   PLAINTIFF has suffered losses in earnings, other employment opportunities,

5    employment benefits and other damages, the precise amounts to be proven at trial.

6         120.   The despicable and outrageous conduct of DEFENDANT ADDUS as described

7    herein was malicious and oppressive and done with a conscious disregard of PLAINTIFF's rights.

8    All said conduct was intentional and done to oppress and humiliate PLAINTIFF. DEFENDANT

9    ADDUS knew that said conduct would cause PLAINTIFF to suffer severe emotional distress. Said

10   conduct, in fact, caused him to suffer severe emotional distress.

11        121.   PLAINTIFF did not consent to any of the outrageous conduct. None of the conduct

12   was privileged. DEFENDANT ADDUS committed said acts by asserting their power over

13   PLAINTIFF with regards to her employment, compensation or other benefits.

14        122.   As a direct and proximate result of the conduct of DEFENDANT ADDUS as set

15   forth above, PLAINTIFF's emotional well being has substantially suffered and will continue to

16   suffer. PLAINTIFF has experienced and continues to experience severe emotional distress, in an

17   amount to be proven at trial. The acts of DEFENDANT ADDUS were designed to humiliate and

18   oppress PLAINTIFF and to cause her injury, and this conduct had this effect. Thus, PLAINTIFF is

19   entitled to punitive damages against DEFENDANT ADDUS, under California Civil Code section

20   3294.

21                              **NINTH CAUSE OF ACTION**

22               **NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

23        123.   The allegations set forth in the preceding paragraphs 1 through 134, inclusive, are re-

24   alleged and incorporated herein by reference as though set forth at length herein.

25        124.   DEFENDANT ADDUS had a duty to PLAINTIFF to provide a work environment

26   free of harassment and discrimination. DEFENDANT ADDUS breached that duty by engaging in

27   the course of conduct described above.

28        125.   DEFENDANT ADDUS knew or should have known that their conduct and that of its

1   agents and employees, described above would cause emotional distress to PLAINTIFF.

2        126.   The conduct of DEFENDANT ADDUS described above was a proximate cause in

3   causing PLAINTIFF serious emotional distress, mental anguish, embarrassment, humiliation, and

4   anxiety, all to her damage in an amount to be proved at trial.

5   **TENTH CAUSE OF ACTION**

6   **CLAIM FOR UNPAID WAGES**

7        127.   The allegations set forth in the preceding paragraphs above are re-alleged and

8   incorporated herein by reference as though set forth at length herein.

9        128.   At all times material herein, PLAINTIFF timely submitted claims for payment of

10   wages, commissions, bonuses, and other remuneration which were not reflected in payments to

11   PLAINTIFF and whose amounts were and remain due and outstanding from DEFENDANT

12   ADDUS.

13        129.   DEFENDANT ADDUS failed to provide PLAINTIFF with accurate time records

14   and earnings statements as required by *Labor Code* section 226 and *IWC* wage orders, including but

15   not limited to, 2-2001.

16        130.   PLAINTIFF is informed and believes and thereon alleges that all PLAINTIFF was

17   affected by DEFENDANT ADDUS's wrongful practices of denying the correct amount of wages,

18   commissions, bonuses, and other remuneration.

19        131.   PLAINTIFF has been required to bring this action to recover unpaid/lost wages,

20   statutory wages and related sums, civil penalties, attorneys' fees and costs, and interest as

21   authorized by California law.

22        132.   PLAINTIFF seeks as damages, all unpaid wages in an amount to be determined,

23   statutory wages and related sums, civil penalties, attorneys' fees and costs, liquidated damages,

24   disbursements, and interest as provided by California law, including but not limited to *Labor Code*

25   sections 203, 226, 558, 1194, 1194.2, 1197, 1197.1, and *IWC* wage orders, including but not limited

26   to, 2-2001.

27   ///

28   ///

PRINTED ON
RECYCLED PAPER

24

## ELEVENTH CAUSE OF ACTION

### OVERTIME CLAIM FOR RELIEF

133.  The allegations set forth in the preceding paragraphs above are re-alleged and incorporated herein by reference as though set forth at length herein.

134.  During the course of PLAINTIFF's employment, DEFENDANT ADDUS allowed, suffered and permitted PLAINTIFF to work in excess of the statutory maximum hours per day and in excess of the statutory maximum hours per week.

135.  DEFENDANT ADDUS were required to pay PLAINTIFF premium overtime pay for all hours worked in excess of the statutory maximum hours per day and in excess of the statutory maximum hours per week, but failed to do so.

136.  DEFENDANT ADDUS's failure to pay PLAINTIFF for all hours worked in excess of the statutory maximum hours per day and in excess of the statutory maximum hours per week was willful, and there remain due and unpaid overtime wages in amounts to be determined. Additionally, DEFENDANT ADDUS failed to provide PLAINTIFF with accurate time records and earnings statements as required by *Labor Code* section 226 and *IWC* Wage Orders, including but not limited to, 2-2001.

137.  PLAINTIFF seeks to recover unpaid/lost wages, overtime wages, premium pay, statutory wages and related sums, civil penalties, attorneys' fees and costs, and interest as authorized by California law including, but not limited to, *Labor Code* sections 203, 218.6, 500, 510, 1194, and 1198.

## TWELFTH CAUSE OF ACTION

### MINIMUM WAGE CLAIM FOR RELIEF

138.  The allegations set forth in the preceding paragraphs above are re-alleged and incorporated herein by reference as though set forth at length herein.

139.  At all times material herein, PLAINTIFF was employed by DEFENDANT ADDUS.

140.  During the course of PLAINTIFF's employment, DEFENDANT ADDUS allowed, suffered and permitted PLAINTIFF to perform work for the benefit of DEFENDANT ADDUS.

141.  Pursuant to California law, including but not limited to, California *Labor Code*

25

1   section 1197 and *IWC* wage orders, including but not limited to, 2-2001,

2   DEFENDANT ADDUS was required to pay PLAINTIFF at the then prevailing State of California

3   minimum wage rate for all hours worked.

4      142.   DEFENDANT ADDUS failed and refused to pay PLAINTIFF at the State of

5   California minimum wage rates for all hours worked when those wages were due, and there remain

6   due and owing minimum wages in an amount to be determined.  Additionally, DEFENDANT

7   ADDUS failed to provide PLAINTIFF with accurate time records and earnings statements as

8   required by *Labor Code* section 226 and *IWC* wage orders, including but not limited to, 2-2001.

9      143.   PLAINTIFF has been required to bring this action to recover minimum wage

10  earnings, unpaid/lost wages, statutory wages and related sums, civil penalties, attorneys' fees and

11  costs, and interest as authorized by California law.

12     144.   Because of DEFENDANT ADDUS's failure to pay PLAINTIFF at the minimum

13  wage rate for all hours worked, when those wages were due, PLAINTIFF, pursuant to California

14  law, including but not limited to California *Labor Code* sections 218.6. 1194. 1194.2. 1197, 1197.1

15  and *IWC* wage orders, including but not limited to 2-2001 are entitled to a civil penalties, liquidated

16  damages, interest, costs and attorneys' fees.

17     145.   PLAINTIFF seeks as damages, minimum wages in an amount to be determined,

18  unpaid/lost wages, statutory wages and related sums, civil penalties, attorneys' fees and costs,

19  liquidated damages, disbursements, and interest as provided by California law, including but not

20  limited to California *Labor Code* sections 203, 558, 1194, 1194.2, 1197, 1197.1, and *IWC* wage

21  orders, including but not limited to, 2-2001.

22                    **THIRTEENTH CAUSE OF ACTION**

23                **STATUTORY WAGE CLAIM FOR RELIEF**

24     146.   The allegations set forth in the preceding paragraphs above are re-alleged and

25  incorporated herein by reference as though set forth at length herein.

26     147.   The California Labor Code and the IWC provides for minimum employment

27  conditions to be followed by all employers within the State of California. California law, including

28  but not limited to, California Labor Code sections 226.7 and 516, and IWC Wage Orders, including

1   but not limited to, Wage Order No. 2-2001, requires that employees receive a paid rest break of not

2   less than ten (10) minutes for each period of four hours worked. California law, including but not

3   limited to, California Labor Code sections 226.7 and 516, and IWC Wage Orders, including but not

4   limited to, Wage Order No. 2-2001, also require that employees receive an uninterrupted meal

5   period of not less than thirty (30) minutes for each shift worked of five hours or greater.

6       148.   DEFENDANT ADDUS failed to provide PLAINTIFF uninterrupted rest periods of

7   not less than 10 minutes when and as required, in violation of California law, including but not

8   limited to, California Labor Code section 226.7 and 516, and IWC Wage Orders, including but not

9   limited to, Wage Order 2-2001, and failed to pay PLAINTIFF and similarly situated class members

10  for those rest breaks not provided.  Additionally, DEFENDANT ADDUS failed to provide

11  PLAINTIFF with accurate time records and earnings statements as required by Labor Code section

12  226 and IWC Wage Orders, including but not limited to, Wage Order No. 2-2001.

13      149.   DEFENDANT ADDUS failed to provide PLAINTIFF an uninterrupted meal period

14  of not less than (30) minutes for each shift worked of five hours or greater as required, in violation

15  of California law, including but not limited to, California Labor Code sections 226.7, 512, and 516,

16  and IWC Wage Orders including but not limited to, Wage Order No. 2-2001, and failed to pay

17  PLAINTIFF for those meal periods not provided.

18      150.   As a result of DEFENDANT ADDUS's failure to provide uninterrupted rest and

19  meal periods as required, PLAINTIFF is due wages for those missed rest breaks and meal periods

20  which DEFENDANT ADDUS failed to provide within the three years prior to the filing of this

21  Complaint.

22      151.   PLAINTIFF seeks unpaid wages for a minimum of three years prior to the filing of

23  this Complaint, statutory wages and related sums, civil penalties, plus attorneys' fees and costs,

24  interest, liquidated damages and disbursements pursuant to California law, including, but not

25  limited to, Labor Code sections 218.5, 218.6, 226.7, 512, 516, and 558.

26  ///

27  ///

28  ///

PRINTED ON
RECYCLED PAPER

27

## FOURTEENTH CAUSE OF ACTION

## LATE PAYMENT CLAIM FOR RELIEF

152.   The allegations set forth in the preceding paragraphs above are re-alleged and incorporated herein by reference as though set forth at length herein.

153.   PLAINTIFF alleges that at the time PLAINTIFF's employment ended, DEFENDANT ADDUS failed to pay PLAINTIFF all wages when due, as required by California law.

154.   DEFENDANT ADDUS's failure to pay PLAINTIFF's wages when due was willful, and continued for a period of time to be determined.

155.   Because of DEFENDANT ADDUS's willful failure to timely make payment of PLAINTIFF's wages when due, PLAINTIFF is due late-pay wages for up to 30 days, in amounts to be determined at the time of trial.

156.   PLAINTIFF has been required to bring this action to recover late-pay wages, and statutory wages and related sums as provided by California law, including but not limited to, California Labor Code sections 201, 202, and 203 and IWC Wage Orders, including but not limited to, Wage Order No. 2-2001.

157.   Because of DEFENDANT ADDUS's failure to pay PLAINTIFF's wages, statutory wages and related sums, civil penalties, plus attorneys' fees and costs, interest, liquidated damages and disbursements pursuant to California law, including but not limited to, California Labor Code sections 201, 202, 203, 218.5, and 218.6, and IWC Wage Orders, including but not limited to, Wage Order No. 2-2001.

158.   PLAINTIFF seeks all late-pay wages, statutory wages and related sums, civil penalties, plus attorneys' fees and costs, interest, and disbursements for himself, required by California law, including but not limited to, California Labor Code sections 201, 202, 203, and IWC Wage Orders, including but not limited to, Wage Order No. 2-2001.

## FIFTEENTH CAUSE OF ACTION

## FOR VIOLATION OF BUSINESS AND PROFESSIONS CODE §17200

159.   The allegations set forth in the preceding paragraphs above are re-alleged and

PRINTED ON

1    incorporated herein by reference as though set forth at length herein.

2         160.   The allegations in this cause of action are made upon information and belief.

3         161.   PLAINTIFF has standing to bring this action pursuant to Business and Professions

4    Code 17204 because she is a person who has suffered actual injury in having lost money as a result

5    of DEFENDANTS' unfair competition.

6         162.   DEFENDANTS' acts were directed toward members of the public, including their

7    employees.

8         163.   DEFENDANTS committed an unfair business act each and every time they failed to

9    pay overtime wages that were due.

10        164.   DEFENDANTS committed an unfair business act each and every time they failed to

11   pay minimum wages that were due.

12        165.   DEFENDANTS committed an unfair business act each and every time they failed to

13   pay mealtime penalties that were due.

14        166.   DEFENDANTS committed an unfair business act each and every time they failed to

15   pay rest time penalties that were due.

16        167.   DEFENDANTS committed an unfair business act each and every time they failed to

17   pay prevailing wages that were due.

18        168.   The victims of these unfair, fraudulent and/or illegal business practices include, but

19   are not limited to, PLAINTIFF, employees at similar businesses, competing businesses in the State

20   of California, and the general public.  Defendants performed the acts referenced in this Complaint

21   with the intent of gaining an unfair competitive advantage and thereby injuring PLAINTIFF, other

22   businesses, competitors, and the general public.

23                          **PRAYER FOR RELIEF**

24        WHEREFORE, PLAINTIFF prays that judgment be entered in her favor and against

25   DEFENDANTS, and each of them, jointly and severally as follows:

26

27        1.   For compensatory, economic and non-economic damages, general and special,

28   according to proof;

PRINTED ON
RECYCLED PAPER

29

2.  For mental and emotional distress damages according to proof;

3.  For exemplary and punitive damages according to proof;

4.  For statutory damages according to proof;

5.  On all counts, for prejudgment interest at the legal rate;

6.  For costs of suit and reasonable attorney's fees allowed by law; and

7.  For such other and further relief as the court deems just and proper.

DATED: May 9, 2011

RESPECTFULLY SUBMITTED,

LOVELESS LAW FIRM, LLP

By: _____

Peter Y. Chang, Esq.
Attorney for ELOISA JOHNSON

30

# EXHIBIT

# A

EMPLOYMENT

| COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT | DFEH # | E201011E5620-00 |
|---|---|---|
| | | DFEH USE ONLY |

## CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

| YOUR NAME (Indicate Mr. or Ms.) | TELEPHONE NUMBER (INCLUDE AREA CODE) |
|---|---|
| **ELOISA, JOHNSON** | **(909)534-7145** |

| ADDRESS |
|---|
| **19891 LAZY TRAIL** |

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| **RIVERSIDE, CA 92508** | **RIVERSIDE** | **065** |

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| **ADDUS HEALTH CARE INC.** | **(877)233-8744** |

| ADDRESS | |
|---|---|
| **1660 CHICAGO AVENUE, SUITE N-11** | DFEH USE ONLY |

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| **RIVERSIDE, CA 92507** | **RIVERSIDE** | **065** |

| NO. OF EMPLOYEES/MEMBERS (If known) | DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month,day, and year) | RESPONDENT CODE |
|---|---|---|
| **13000** | **10/19/2010** | **00** |

THE PARTICULARS ARE:

I allege that on about or before 10/19/2010 , the following conduct occurred:

| | | |
|---|---|---|
| _X_ termination | ____ denial of employment | ____ denial of family or medical leave |
| ____ laid off | ____ denial of promotion | ____ denial of pregnancy leave |
| ____ demotion | ____ denial of transfer | ____ denial of equal pay |
| _X_ harassment | ____ denial of accommodation | ____ denial of right to wear pants |
| ____ genetic characteristics testing | _X_ failure to prevent discrimination or retaliation | ____ denial of pregnancy accommodation |
| ____ constructive discharge (forced to quit) | _X_ retaliation | |
| ____ impermissible non-job-related inquiry | ____ other (specify) _____ | |

by    **ADDUS HEALTH CARE INC.**

because of :

| Name of Person | | Job Title (supervisor/manager/personnel director/etc.) | |
|---|---|---|---|
| _X_ sex | _X_ national origin/ancestry | ____ disability (physical or mental) | _X_ retaliation for engaging in protected |
| ____ age | ____ marital status | ____ medical condition (cancer or | activity or requesting a protected |
| ____ religion | ____ sexual orientation | genetic characteristic | leave or accommodation |
| ____ race/color | ____ association | ____ other (specify) _____ | |

State of what you believe to be the reason(s) for discrimination

I AM ALLEGING A HARASSMENT, RETALIATION, AND DISCRIMINATION.

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right-to-sue. I understand that if I want a federal notice of right-to-sue, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure," or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Action."

By submitting this complaint I am declaring under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated  04/20/2011

At  Riverside

DATE FILED:  04/20/2011

DFEH-300-03e (02/08)
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

STATE OF CALIFORNIA

# EXHIBIT

# B

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 KAUSEN DRIVE, SUITE 100, ELK GROVE, CA 95758
(916) 445 5523
www.dfeh.ca.gov

Phyllis W. Cheng, Director

April 20, 2011

ELOISA, JOHNSON
19891 LAZY TRAIL
RIVERSIDE, CA 92508

RE: E201011E5620-00
ELOISA/ADDUS HEALTH CARE INC.

Dear ELOISA, JOHNSON:

## NOTICE OF CASE CLOSURE

This letter informs that the above-referenced complaint that was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective April 20, 2011 because an immediate right-to-sue notice was requested. DFEH will take no further action on the complaint.

This letter is also the Right-To-Sue Notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment Opportunity Commission (EEOC) must be visited to file a complaint within 30 days of receipt of this DFEH *Notice of Case Closure* or within 300 days of the alleged discriminatory act, whichever is earlier.

DFEH does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,

*Allan H. Pederson*

Allan Pederson
District Administrator

cc:   Case File

O'BRIEN ELIZABETH
HUMAN RESOURCE
ADDUS HEALTH CARE INC.
2401 S. PLUM GROVE ROAD
PALATINE, IL 60067

DFEH-200-43 (06/06)

# EXHIBIT B

## DECLARATION OF PAUL DIAMOND

I, Paul Diamond, declare:

      1.     I am employed by Addus Healthcare, Inc. ("Addus") and I serve as the Vice President of Human Resources.  As the Vice President of Human Resources, I have personal knowledge to the following facts, and if called as a witness, I could and would testify competently thereto.

      2.     As the Vice President of Human Resources, I have access to and am familiar with documentation related to Addus' state of incorporation and principal place of business.

      3.     Addus, the Defendant in the *Johnson v. Addus Healthcare, Inc.* lawsuit, is an Illinois corporation with its principal place of business in Palatine, Illinois.  Addus is wholly owned by Addus HomeCare, Corp., which is also an Illinois corporation with its principal place of business in Palatine, Illinois.

      4.     As the Vice President of Human Resources, I also have access to and am familiar with documentation related to payroll and human resources issues, including but not limited to dates of employment and employment status.

      5.     Eloisa Johnson worked for Addus from March 2, 2010 to October 13, 2010 as an Account Executive.  In this position, Ms. Johnson was an exempt, salaried employee who earned an annual salary and bonus of approximately $48,000.

      6.     Eloisa Johnson was paid semi-monthly in the amount of approximately $1,850.  A true and correct copy of the Company's payroll records for Ms. Johnson are attached hereto as Exhibit A.

     I declare under penalty of perjury under the laws of the United States of America and the State of Illinois that the foregoing is true and correct.

//

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

Executed this 13th day of June, 2011 at Palatine, Illinois

*Paul Desmond*

_____

Paul Diamond

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

2

DECLARATION OF PAUL DIAMOND

LA:294720.1

# EXHIBIT A

Printed 06/10/2011 13:06:29

Addus - Riverside (7400)
Employee Payroll Summary

Employee: 10150 JOHNSON, ELOISA
Hired: 3/2/2010

| Period End | Check Date | Check | Void | Tax Gross | Net Pay | Hours | Visits | Soc. Sec. | Medicare | Federal | State | Local | County | Disability | EIC | 401 (K) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3/23/2010 | 3/23/2010 | 2677862 | | $1,846.40 | $1,558.81 | 80.00 | 0 | $114.48 | $26.77 | $100.19 | $25.84 | $0.00 | $0.00 | $20.31 | $0.00 | $0.00 |
| 3/31/2010 | 4/9/2010 | 2683335 | | $1,846.40 | $1,558.81 | 80.00 | 0 | $114.48 | $26.77 | $100.19 | $25.84 | $0.00 | $0.00 | $20.31 | $0.00 | $0.00 |
| 4/15/2010 | 4/23/2010 | 2692442 | | $1,846.40 | $1,558.81 | 80.00 | 0 | $114.48 | $26.77 | $100.19 | $25.84 | $0.00 | $0.00 | $20.31 | $0.00 | $0.00 |
| 4/30/2010 | 5/10/2010 | 2705434 | | $1,846.40 | $1,558.81 | 80.00 | 0 | $114.48 | $26.77 | $100.19 | $25.84 | $0.00 | $0.00 | $20.31 | $0.00 | $0.00 |
| 5/15/2010 | 5/25/2010 | 2716865 | | $1,846.40 | $1,558.81 | 80.00 | 0 | $114.48 | $26.77 | $100.19 | $25.84 | $0.00 | $0.00 | $20.31 | $0.00 | $0.00 |
| 5/31/2010 | 6/10/2010 | 2726877 | | $1,846.40 | $1,558.81 | 80.00 | 0 | $114.48 | $26.77 | $100.19 | $25.84 | $0.00 | $0.00 | $20.31 | $0.00 | $0.00 |
| 6/15/2010 | 6/25/2010 | 2738286 | | $1,846.40 | $1,558.81 | 80.00 | 0 | $114.48 | $26.77 | $100.19 | $25.84 | $0.00 | $0.00 | $20.31 | $0.00 | $0.00 |
| 6/30/2010 | 7/9/2010 | 2750272 | | $1,846.40 | $1,558.81 | 80.00 | 0 | $114.48 | $26.77 | $100.19 | $25.84 | $0.00 | $0.00 | $20.31 | $0.00 | $0.00 |
| 7/15/2010 | 7/23/2010 | 2761296 | | $1,846.40 | $1,558.81 | 80.00 | 0 | $114.48 | $26.77 | $100.19 | $25.84 | $0.00 | $0.00 | $20.33 | $0.00 | $0.00 |
| 7/31/2010 | 8/10/2010 | 2773059 | | $1,846.40 | $1,558.81 | 80.00 | 0 | $114.48 | $26.77 | $100.19 | $25.84 | $0.00 | $0.00 | $20.31 | $0.00 | $0.00 |
| 8/15/2010 | 8/25/2010 | 2785882 | | $1,846.40 | $1,558.81 | 80.00 | 0 | $114.48 | $26.77 | $100.19 | $25.84 | $0.00 | $0.00 | $20.31 | $0.00 | $0.00 |
| 8/31/2010 | 9/10/2010 | 2798278 | | $1,846.40 | $1,558.81 | 80.00 | 0 | $114.48 | $26.77 | $100.19 | $25.84 | $0.00 | $0.00 | $20.31 | $0.00 | $0.00 |
| 9/15/2010 | 9/24/2010 | 2810004 | | $1,846.40 | $1,558.81 | 80.00 | 0 | $114.48 | $26.77 | $100.19 | $25.84 | $0.00 | $0.00 | $20.31 | $0.00 | $0.00 |
| 9/30/2010 | 10/8/2010 | 2820659 | | $1,846.40 | $1,558.81 | 80.00 | 0 | $114.48 | $26.77 | $100.19 | $25.84 | $0.00 | $0.00 | $20.31 | $0.00 | $0.00 |
| 10/13/2010 | 10/13/2010 | 2828332 | | $1,681.76 | $1,422.18 | 72.00 | 0 | $103.03 | $24.10 | $72.49 | $21.68 | $0.00 | $0.00 | $18.28 | $0.00 | $0.00 |
| 10/13/2010 | 10/13/2010 | 2828333 | | $1,075.20 | $968.04 | 7.00 | 0 | $66.66 | $15.59 | $4.60 | $8.48 | $0.00 | $0.00 | $11.83 | $0.00 | $0.00 |
| 10/13/2010 | 10/13/2010 | 2828334 | | $1,075.20 | $968.04 | 7.00 | 0 | $66.66 | $15.59 | $4.60 | $8.48 | $0.00 | $0.00 | $11.83 | $0.00 | $0.00 |
| 10/13/2010 | 10/13/2010 | 2828335 | | $1,107.84 | $993.81 | 48.00 | 0 | $68.69 | $16.06 | $7.87 | $9.22 | $0.00 | $0.00 | $12.19 | $0.00 | $0.00 |
| 10/15/2010 | 10/25/2010 | 2831609 | X | $1,846.40 | $1,558.81 | 80.00 | 0 | $114.48 | $26.77 | $100.19 | $0.00 | $0.00 | $0.00 | $12.19 | $0.00 | $0.00 |
| **Report Totals:** | | | | $30,760.60 | $28,175.41 | 1,254.00 | 0 | $1,907.76 | $446.12 | $1,492.22 | $409.62 | $0.00 | $0.00 | $338.47 | $0.00 | $0.00 |

* End of Report *